UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD O'DELL CLESI, JR., Plaintiff | CIVIL ACTION NO. 1:17-CV-1588-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN FREDERICK, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Ronald O'Dell Clesi (#320993) ("Clesi"). Clesi was granted leave to proceed *in forma pauperis*. (Doc. 8). Clesi is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Jackson Parish Correctional Center ("JPCC") in Jonesboro, Louisiana. Clesi complains that Catholic masses are not available at the LaSalle Correctional Center ("LCC"), where he was previously incarcerated. Clesi requests that the Court order Warden Frederick to provide Catholic masses to inmates at LCC. Clesi also seeks punitive damages because he was unable to practice his religion at LCC.

Clesi's complaint should be dismissed because his request for injunctive relief is moot, and Clesi cannot show an entitlement to punitive damages.

I. **Background**

Clesi alleges that his request for a Catholic mass at LCC was rejected because LCC is a "non-denomination camp." (Doc. 1, p. 3). Clesi sought a transfer to a facility

that would allow him to practice the Catholic religion, and his request was approved. Clesi is no longer housed at LCC. (Doc. 1-2, p. 1).

II. Law and Analysis

    A. Clesi's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Clesi is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Clesi is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. Clesi's request for injunctive relief is moot.

Clesi seeks injunctive relief in the form of an order directing LCC to provide a Catholic mass. Clesi is no longer incarcerated at LCC. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Clesi's claim for injunctive relief to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at

LCC. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (transfer from facility mooted claims for declaratory and injunctive relief where possibility of transfer back to facility was too speculative to warrant relief).

Clesi requested a transfer from LCC so that he could attend Catholic mass, and his request was granted. Clesi has not presented any facts indicating a reasonable likelihood that he will be transferred back to LCC. Therefore, Clesi's request for injunctive relief should be dismissed as moot.

### C. Clesi is not entitled to punitive damages.

Clesi requests monetary damages to "punish" Warden Frederick. (Doc. 1, p. 4). "[P]unitive damages may be awarded only when the defendant's conduct is motivated by evil intent *or* demonstrates reckless or callous indifference to a person's constitutional rights." Williams v. Kaufman Cty., 352 F.3d 994, 1015 (5th Cir. 2003) (internal quotation marks omitted) (quoting La. ACORN Fair Housing v. LeBlanc, 211 F.3d 298, 303 (5th Cir. 2000)). Clesi has alleged no facts indicating that Warden Frederick had an evil intent or demonstrated a callous indifference to Clesi's right to practice his Catholic religion. There is no basis for an award of punitive damages.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Clesi's complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of

this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of March, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge